UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                          |   |                                  |
|--------------------------|---|----------------------------------|
|                          | * |                                  |
|                          | * |                                  |
|                          | * |                                  |
|                          | * |                                  |
| In re Elenice S. Umana,  | * |                                  |
|                          | * | Civil Action No. 1:23-cv-11869-IT |
|                          | * |                                  |
|                          | * |                                  |

MEMORANDUM & ORDER

October 13, 2023

TALWANI, D.J.

Pending before the court is Appellant Elenice Umana's [Emergency] Motion to Grant Stay Pending Appeal ("Motion") [Doc. No. 9]. Umana, proceeding *pro se*, asks the court for a stay pending appeal and a stay "pending Chapter 13 plan." For the following reasons, Umana's Motion [Doc. No. 9] is DENIED.

Background

Under 11 U.S.C. § 362, a stay against a debtor's creditors automatically issues when the debtor files a bankruptcy action. A creditor may seek relief from the automatic stay by filing a motion with the bankruptcy court to allow it to resume actions against the debtor during the pendency of the bankruptcy proceeding. See 11 U.S.C. § 362(d). Wilmington Savings Fund Society, FSB ("Wilmington") filed such a motion in Umana's bankruptcy proceeding. See Notice of Appeal 5 (Bankruptcy Court Order on Motion for Relief) [Doc. No. 1]. The Bankruptcy Court ordered, inter alia, that "[Wilmington] is granted relief from the automatic stay provisions of 11 U.S.C. § 362 to allow it to exercise its rights as owner of the real property located at 81 Thorny Lea Terrace, Brockton, MA 02301 (the 'Property')" and "to proceed with

its eviction action to remove the Debtor and all other occupants from the Property[.]" Id. Umana has appealed that Order on Motion for Relief to this court. Id. at 1.

Umana filed two Motions for Reconsideration and a Motion for Stay Pending Appeal in the Bankruptcy Court. While those were pending, she sought relief from this court via an Emergency Motion to Grant Stay Pending Appeal [Doc. No. 7]. The court denied that motion as premature because her Motion for Stay Pending Appeal had not yet been denied by the Bankruptcy Court. See Elec. Order [Doc. No. 8].

The Bankruptcy Court then denied both Motions for Reconsideration and the Motion for Stay Pending Appeal. See Bankruptcy Court Orders 1-2 [Doc. No. 9-1]. As to the Motion for Stay Pending Appeal, the Bankruptcy Court explained that Umana has failed to demonstrate a likelihood that she will succeed on the merits, has engaged in (and is continuing to engage in) extensive litigation in the state court challenging the foreclosure that occurred in 2018, is bound by the judgment of the state court, and cannot seek to relitigate the issues in Bankruptcy Court. Id. at 1. The Bankruptcy Court explained further that as Umana has no legal right to continue in the property, the harm to the owner outweighs any harm to her. Id. Finally, the Bankruptcy Court explained that her request is more properly brought before the state court. Id.

The Pending Motion

Umana again sought relief in this court via her pending Motion [Doc. No. 9].

To prevail on a motion for stay pending appeal, a debtor must show that she is likely to succeed on the merits, would be irreparably harmed absent relief, other parties will not be injured, and the public interest would be furthered by the granting of the stay. See, e.g., Acevedo–Garcia v. Vera–Monroig, 296 F.3d 13, 16–17 (1st Cir. 2002). To succeed on the first prong, the moving party must show that the likelihood of success is strong or substantial. Access

Cardiosystems, Inc. et al. v. Fincke (In re Access Cardiosystems, Inc.), 340 B.R. 656, 660 (Bankr. D. Mass. 2006). Here, Umana has attempted to show that the underlying foreclosure was void. But she has made no showing of any likelihood of success on the merits of her appeal of the Bankruptcy Court Order granting her creditor relief from the automatic stay. She has also pointed to no error in the Bankruptcy Court's Order denying a stay, which explained that she may not relitigate the foreclosure in Bankruptcy Court, that she has no present legal right to continue in the property, and that her request is more properly brought before the state court. Accordingly, her pending Motion to Grant Stay Pending Appeal is DENIED.

To the extent that Umana is asking this court to reconsider the underlying foreclosure orders and orders of the Housing Court, any challenges to the foreclosure or eviction procedures must be litigated in state court.

Finally, Umana's request for a stay of the bankruptcy proceeding to allow her to seek counsel and to have the Trustee credit certain payments is not related to the matter on appeal, which is limited to the Bankruptcy Court Order on Motion for Relief and the related motions set forth above.

IT IS SO ORDERED

October 13, 2023                                   /s/Indira Talwani
                                                   United States District Judge